IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANMARIE GUENOT,<br><br>    Plaintiff,<br><br>  v.<br><br>SKS OCULAR LLC, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 13-1875 SI<br><br>**ORDER RE: DISCOVERY** |

On January 6, 2014, the parties filed a letter brief regarding a dispute over the location of an upcoming Rule 30(b)(6) deposition. Docket No. 56. Defendants wish to produce their Rule 30(b)(6) designee, Dr. Jason Slakter, in New York, while plaintiff seeks to depose Dr. Slakter in San Mateo, California at the offices of plaintiff's counsel. Dr. Slakter is the President and CEO of SKS Ocular LLC ("SKS"), and he resides in New York. SKS's principal place of business is in New York. Plaintiff and her counsel are located in the Northern District of California. When plaintiff worked for SKS as its Chief Business Officer, she worked from her home in San Francisco.

District courts have wide discretion to establish the time and place of depositions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir.1994). "Although the deposition of a party may be noticed wherever the deposing party designates, there is a presumption that the deposition of the designee of a corporate defendant should be conducted at the corporation's principal place of business." *Kelora Systems, LLC v. Target Corp.*, No. C 11-01548 CW (LB), 2011 WL 3895303, at *1 (N.D. Cal. Aug. 29, 2011) (citing *Fausto v. Credigy Services Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008)). "However, this

presumption can be overcome depending on such factors as: (1) the location of counsel in the forum district, (2) the number of representatives a party seeks to depose, (3) the likelihood of significant discovery disputes, (4) whether the parties to be deposed often engage in travel for business purposes, and (5) the equities with regard to the nature of the claim and the parties' relationship." *Kelora Sys.*, 2011 WL 3895303, at * 1.

Defendants argue that the Court should not disturb the presumption that the deposition take place in New York, SKS's principal place of business. Defendants state that Dr. Slakter is a practicing physician who does not travel to California regularly or for business, and that he will be required to cancel surgeries and appointments to travel to California for a deposition. Defendants state that if the deposition occurs in New York, defendants' New York counsel will represent Dr. Slakter. Defendants argue that because only one corporate representative will be deposed, this factor weighs in favor of New York because plaintiff's counsel will only be required to travel once. Defendants also state that they do not anticipate any disputes arising out of the deposition that would require the Court's intervention. Finally, defendants represent that SKS "is in dire financial straits and would be burdened by the expense of paying for Dr. Slakter's travel." Docket No. 56 at 3.

Plaintiff argues that the equities weigh in favor of the deposition occurring in San Mateo because all parties have counsel located within the Northern District, and plaintiff wishes to attend the deposition. Plaintiff states that a deposition in New York would be very expensive and potentially cost prohibitive because she and her lawyer would be required to travel to New York. Plaintiff also disputes whether SKS is in financial difficulty, noting that SKS is still operating. However, the complaint alleges that SKS has been unable to meet its financial obligations. Compl. ¶ 12.[1] Plaintiff argues that because there is only one corporate representative to be deposed, this factor weighs in favor of California because multiple witnesses will not be required to travel. Plaintiff states that she anticipates that there may be disputes that arise during Dr. Slakter's deposition because defendants have raised some questions about the Rule 30(b)(6) topics, and the parties marked portions of plaintiff's deposition transcript for possible resolution by motion.

---

[1] The complaint alleges that defendants intentionally undercapitalized SKS with the purpose of avoiding and preventing creditors, such as plaintiff, from attaching and executing on SKS' assets. Compl. ¶ 12.

2

The Court concludes that Dr. Slakter's deposition should take place in the presumptive Rule 30(b)(6) location, New York. Plaintiff can reduce expenses by having her lawyer take the deposition by video and/or by having plaintiff observe the deposition by video. The fact that Dr. Slakter is the only Rule 30(b)(6) deponent is relatively neutral in the analysis for the reasons articulated by both parties. Based upon defendants' representations about potential disputes, the Court expects the parties to cooperate and resolve any potential issues regarding areas of questioning prior to the deposition. As Dr. Slakter does not travel to California regularly or for business, this factor weighs in favor of a New York deposition. In addition, although the parties dispute the reason for SKS's financial troubles, it appears that SKS has had financial difficulties and that paying for Dr. Slakter to travel to California would be burdensome. Thus, on balance the Court finds that the factors weigh in favor of holding the deposition at SKS's principal place of business in New York.

**IT IS SO ORDERED.**

Dated: January 13, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE