**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEANMARIE GUENOT,

    Plaintiff,

    v.

SKS OCULAR LLC, *et al.*,

    Defendants.
                                  /

No. C 13-1875 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff's motion for partial summary judgment is scheduled for a hearing on March 14, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is appropriate for resolution without oral argument and VACATES the hearing. The case management conference scheduled for March 14, 2014 at 3:00 p.m. remains on calendar.

Plaintiff seeks partial summary judgment on her claims for breach of contract for her unpaid monthly salary from September 2010 to December 2012 and unpaid 2011 bonus. Plaintiff also seeks partial summary judgment on the following issues: (1) plaintiff's status as an "employee" under California and federal law; (2) the individual defendants' status as her "employer" under the FLSA; (3) that plaintiff was a non-exempt employee under California and federal law; and (4) that plaintiff is entitled to waiting time penalties and reimbursement of business expenses under the California Labor Code. Plaintiff's FLSA and California Labor Code claims are dependent upon plaintiff being found an "employee" and not an independent contractor.

Defendants contend that partial summary judgment is inappropriate because there are numerous factual disputes regarding the terms of the oral contract between plaintiff and defendants and the nature of her employment arrangement with defendants. Defendants have submitted evidence showing, *inter alia*, that plaintiff agreed that payments for the services she provided would be accrued on the company's books but not paid out until the company's financial condition improved (which it never did), and that plaintiff, as the company's business advisor, was aware of the company's financial condition. Defendants also deny plaintiff's allegation that the parties agreed that plaintiff's monthly salary (or consulting fee) was retroactive to September 2010. Defendants have also submitted evidence showing that plaintiff advised defendants that all four of the founders, including plaintiff, should be classified as independent contractors of the company, and plaintiff was never considered an "employee" of the company.

The Court concludes that plaintiff has not met her burden to show that summary judgment is warranted. Whether plaintiff was an employee or an independent contractor (and relatedly, whether the individual defendants were her "employer") are fact-intensive inquiries that cannot be resolved on summary judgment. There are numerous factual disputes regarding what the parties agreed as to plaintiff's compensation and when she would be paid, as well as whether plaintiff was an employee or an independent contractor. Accordingly, the Court DENIES plaintiff's motion for partial summary judgment. Docket No. 45. The Court also GRANTS defendants' motion to file a sur-reply. Docket No. 74.

**IT IS SO ORDERED.**

Dated: March 7, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE