STEVEN L. FRIEDLANDER (SBN 154146)
ORIET COHEN-SUPPLE (SBN 206781)
ERIC G. RUEHE (SBN 284568)
SV EMPLOYMENT LAW FIRM PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
Telephone:      (650) 265-0222
Facsimile:       (650) 265-2223
Email:             sfriedlander@svelf.com
                      ocohen@svelf.com
                      eruehe@svelf.com

Attorneys for Plaintiff,
JEANMARIE GUENOT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEANMARIE GUENOT,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SKS OCULAR, LLC, a Delaware limited liability company; SKS OCULAR 1, LLC, a Delaware limited liability company; JASON SLAKTER, an individual; GLENN STOLLER, an individual; and DOES 1-10, inclusive,<br><br>                    Defendants.<br><br>SKS OCULAR, LLC, a Delaware limited liability company,<br><br>                    Counter-Plaintiff,<br><br>        vs.<br><br>JEANMARIE GUENOT,<br><br>                    Counter-Defendant. | Case No. CV 13-01875 SI<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM**<br><br>[F.R.C.P RULE 45(d)(2)(B)(i)]<br><br>Date:         June 6, 2014<br>Time:        9:00 a.m.<br>Courtroom: 10 – 19th Floor<br>Judge:       The Honorable Susan Illston<br><br>Complaint Filed:   April 24, 2013<br>Trial Date:            August 25, 2014 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on June 6, 2014 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 19 of the above-entitled Court, located at 450 Golden Gate Avenue,

San Francisco, California, Plaintiff will move and herby does move the Court for an order compelling third party BURR PILGER MAYER INC. to produce documents requested by Plaintiff's in a subpoena served on March 10, 2014.

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 45(d)(2)(B)(i), on the ground that the documents sought in the subpoena are highly relevant in this litigation and therefore should be produced accordingly.

This motion is based on this notice, the records and papers on file herein, the attached memorandum of points and authorities, the declaration of Steven L. Friedlander and on such other evidence as may be presented at the hearing of this motion. Plaintiff has conferred with the defendants regarding this motion, but the defendants indicated they will oppose the motion.

Dated: May 2, 2014                          SV EMPLOYMENT LAW FIRM PC


                                            By: _____/s/ Steven L. Friedlander_____
                                                 Steven L. Friedlander
                                                 Attorneys for Plaintiff,
                                                 Jeanmarie Guenot

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff seeks an order compelling the production of financial records of defendants SSK Ocular LLC and SSK Ocular 1 LLC (collectively "Corporate Defendants") that are in the possession of third-party BURR PILGER MAYER INC ("BPM"), the accounting firm for the Corporate Defendants. These documents were sought pursuant to a third party subpoena properly served on BPM. BPM objected to their production on the ground that under 26 U.S.C § 7216 and 26 C.F.R § 301.7216-2(f), it is prohibited from disclosing the Corporate Defendants' documents unless they consent or such disclosers are ordered by the court.

However, when the Corporate Defendants place their inability to pay Plaintiff sums—admittedly owed under their agreement with Plaintiff—at the heart of their defense to Plaintiff's breach of contract claim, the financial records in the possession of their accountant firm are highly relevant, and Plaintiff would be prejudiced if she is unable to obtain the requested documents. The protection from disclosures under these statutes are not absolute, and the court can—and should—order the production of these documents. *Mitsui & Co. v. Puerto Rico Water Resources Authority*, (1978) 79 F.R.D. 72, 79-80.

Plaintiff's attempt to obtain defendants' consent has been futile. Defendants refused to consent, asserting that the scope of the subpoena is too broad. Plaintiff's meet and confer efforts to narrow its scope to avoid filing this motion have also been futile. Indeed, concurrently with this motion Plaintiff is filing a motion to compel the defendants to produce similar financial records. It appears that at every turn in this litigation, defendants are trying to avoid producing these highly relevant financial records. They cannot have it both ways. The Court should grant this motion.

## II. PERTINENT FACTUAL AND PROCEDURAL HISTORY

### A. Statement of the Case

Plaintiff worked full time for the named defendants in this action, serving as Chief Business Officer of defendant SSK Ocular LLC from its founding in early 2010 until her employment was terminated on December 20, 2012. SKS Ocular LLC owns most of SKS 1. Plaintiff in this litigation seeks damages for breach of her employment contract as well as unpaid salary and bonuses, overtime, penalties and attorney's fees.

Defendants' core defense to Plaintiff's breach of contract claim is that "while [Plaintiff] would accrue payments, they would only be paid if and when the Corporate Defendants achieved the financial strength to do so." See Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Partial Summary Judgment, Document No. 61 ("Opposition"), at pp. 7-9.

Having raised this defense, defendants are now hiding the ball, refusing to consent to the production of highly relevant financial information in the possession of their accounting firm that would support or refute defendants' own allegations and line of defense.

### B.   Plaintiff's Subpoena and BPM Objections

On March 10, 2014, Plaintiff served BPM with a third party subpoena listing 26 document requests, which can be described in two main categories. The first category seeks communications between, and among, BPM, the Corporate Defendants and their subsidiary, the defendants and Plaintiff, concerning the financial condition of the Corporate Defendants for the relevant period of time—*i.e.*, from the date Plaintiff was hired (October 2009) to the present. It also seeks communications between BPM, the defendants and others (excluding attorney-client privilege communication) mentioning Plaintiff and this litigation. (See, Request Nos. 1 and 2, 10, 11, 13, 15, 23, Exh. A to the declaration of Steven L. Friedlander ("Friedlander Decl.")

The second category seeks documents evidencing the financial condition of the Corporate Defendants for the same period of time. These include, among other requests, (1) federal and state tax returns; (2) other documents reflecting assets and liabilities, income and any funds the Corporate Defendants received from any sources or transferred between the defendants; and (3) communications between the Corporate Defendants and BPM in connection with preparation of these tax returns . (Notice of Subpoena to Burr Pilger Mayer Inc., Exh. A to Friedlander Decl. at ¶ 2).

BMP objected to each request on the ground that these documents are protected from disclosure under 26 U.S.C § 7261 and 26 C.F.R § 301.7216-2(f), and cannot be produced *unless* the Corporate Defendants consent or the court issues an order compelling the production of these documents. BPM also objected to each request as overly broad, unduly burdensome, and not relevant. *See,* BPM's Objection, Exhibit B to Friedlander Decl. at ¶ 3.

### C. Meet-and-Confer Efforts

On April 4, 2014, counsel for the defendants and Plaintiff met in person in an attempt to narrow the scope of the requested financial records that Plaintiff requested from both the defendants and BPM. During this meeting and in subsequent meet-and-confer discussions, and in preparing for the settlement conference scheduled on April 25, Plaintiff offered to narrow the requests to (1) any complete tax returns that have not been produced; (2) email communications between BPM and the defendants concerning the financial condition of the Corporate Defendants; (3) communications between BMP and the defendants mentioning Plaintiff and/or this litigation; and (4) any notes of the tax preparers in connection with the tax returns. Plaintiff also offered to mark all of the requested documents "CONFIDENTIAL" under the Protective Order in this matter, and redact other private information such as social security numbers, etc. (See exchange of emails reflecting the parties' meet and confer effort attached as Exhibit C to Friedlander Decl. at ¶ 4).

To date, the Corporate Defendants have refused to provide the necessary consent, and have been taking the position that most of the requests are irrelevant and "too broad" despite Plaintiff's offer to narrow the scope of the subpoena as noted above. Thus, Plaintiff has been forced to file this motion, as well as a motion to compel the defendants to produce financial records.[1] *Id.*

### III. THE COURT SHOULD COMPEL BPM TO PRODUCE RELEVANT FINANCIAL RECORDS OF THE CORPORATE DEFENDANTS

#### A. Legal Standard

Under Rule 26 of the Federal Rules of Civil Procedure ("FRCP") Plaintiff is entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." The scope of discovery provided by this Rule is to be liberally construed so as to provide both parties with information essential to proper litigation on all the facts. *Mitsui & Co. v. Puerto Rico Water Resources Authority*, (1978) 79 F.R.D. 72, 79-80.

---

[1] See Parties' Joint Statement on Plaintiff's motion to compel filed concurrently with this motion.

Under FRCP, Rule 45(d)(B)(i), "at any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."

### B.  The Documents Sought in the Subpoena are Highly Relevant

The defendants cannot genuinely dispute that the documents sought in the subpoena are highly relevant in this action.

First, the Corporate Defendants place their financial condition at issue in this case, arguing that they do not have to pay Plaintiff the amounts owed under the Contract to her until their financial condition enables them to do so. In addition, it is likely that amounts owed to Plaintiff and her interest ownership in SKS has been part of an on-going discussion with BPM—discussions which are highly relevant to this defense. Such records are not otherwise available—they must come from the defendants and BPM. *Heathman v. District Court*, (9th Cir. 1974) 503 F.2d 1032, 1035; *Aliotti v. Vessel Senora*, (N.D. Cal. 2003) 217 F.R.D. 496, 497-498; *Gattegno v. PriceWaterhouseCoopers*, LLP, (D.Conn. 2001) 205 F.R.D. 70, 71-72.

Second, the Corporate Defendants' financial records and related communications likely will produce additional evidence which is highly relevant to Plaintiff's claims against the individual defendants based on an alter ego theory, such as commingling of funds, failure to observe corporate formalities, and failure to contribute sufficient capital.

### C.  The Documents Sought in the Subpoena Are Not Absolutely Privileged Under U.S.C  7216 and C.F.R § 301.7216-2(f)

"Section 7216 is primarily oriented to discourage the misuse of confidential information received by nonprofessionals preparing tax returns. It does not apply to information used in the preparation of, or in connection with, the preparation of state tax returns, nor does it apply when the disclosure is ordered by the court." *Mitsui & Co. v. Puerto Rico Water Resources Authority*, (1978) 79 F.R.D. 72, 79-80. Therefore, tax returns and related documents do not enjoy an absolute privilege from discovery. *Heathman v. U.S. Dist. Ct. for Cent. Dist. of Calif.*, (9th Cir. 1974) 503 F.2d 1032, 1035.

"The Courts have required disclosure of tax returns when the taxpayer himself has made an issue of his income." *Mitsui & Co. v. Puerto Rico Water Resources Authority, supra,* (citing *Biliske v.*

*American Live Stock Ins. Co., (W.D. Okla., 1977 73 F.R.D. 124); Payne v. Howard,* (D.C. D.C., 1977) 75 F.R.D. 465, 470; *Shaver v. Yacht Outward Bound,* (D.C. Ill., 1976) 71 F.R.D. 561).

Here, when the defendants put their purported inability to pay what is admittedly owed under the contract, there is a compelling need to obtain the Corporate Defendants' tax returns and related financial documents in the possession of their accountant.

### D. The Subpoena as Narrowed Down is Not Overly Broad, Unduly Oppressive or Burdensome

At this point Plaintiff seeks an order compelling BPM to produce the following categories of documents: (1) Complete state and federal tax returns for the years 2009 to 2013 [Request Nos. 6, 7, 8]; (2) Communications between BPM and the defendants between October 2009 to the present discussing or describing the financial condition of the Corporate Defendants [Request Nos. 1 and 2]; (3) Communication between BMP and the defendants between October 2009 to date mentioning Plaintiff and this litigation [Requests Nos. 10, 11, 13, 15 and 23]; (4) any notes of the tax preparers in connection with the requested tax returns [Request No. 12]; and (5) documents reflecting assets and liabilities, income and any funds the Corporate Defendants received from any sources including any backup documents authorizing such funds [Request Nos. 9, 14, 16, 20-26].

In short, Plaintiff has demonstrated that these financial records are relevant and discoverable and the court should therefore compelled BPM to produce them. *Mitsui & Co. v. Puerto Rico Water Resources Authority,* (1978) 79 F.R.D. 72, 79-80 (ordering plaintiff's accountants to produce similar categories of documents sought in the BMP subpoena when a party placed his income at issue). Moreover, the subpoena, as narrowed, cannot reasonably be construed as overly broad, unduly oppressive or burdensome. Accordingly, BPM should be compelled to produce the requested records. *Id.*

## IV. CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests that the Court grant Plaintiff's motion and compel BPM to produce the documents described above.

Dated: May 2, 2014                                SV EMPLOYMENT LAW FIRM PC


By: _____/s/ Steven L. Friedlander_____
　　　　Steven L. Friedlander
　　　　Attorneys for Plaintiff,
　　　　Jeanmarie Guenot